## STATE BOARD OF ESCHEATS OF MICHIGAN v. KLUMP et al.
### No. 5405.

Circuit Court of Appeals, Sixth Circuit.
March 5, 1930.

Paul G. Eger, of Lansing, Mich. (Wilber M. Brucker and Ralph E. Hughes, both of Lansing, Mich., on the brief), for appellants.

F. H. Wurzer, of Detroit, Mich. (Louis C. Wurzer, John T. Higgins, and Alfred N. Slaggert, all of Detroit, Mich., on the brief), for appellees.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge.

The plaintiff appellees in this case are all citizen residents of Germany, except John Klump who is a citizen of Ohio, and they are admittedly the legal heirs of one George Klump, a resident of Wayne county, Mich.,

who died intestate in July, 1916, leaving valuable real estate in that county.

The defendant appellants are the secretary of state, the state treasurer, and the superintendent of public instruction of the state of Michigan, who constitute the state board of escheats of that state.

On June 8, 1920, a petition was presented to the probate court for Wayne county, and a decree entered that George Klump died intestate and without heirs and that the estate of the deceased was escheated to the state of Michigan, and the decree assigned the same to the then state treasurer, secretary of state, and the superintendent of public instruction, constituting the state board of escheats.

At the time of the decease of the original George Klump, the World War was in full progress, and shortly thereafter the United States became a participant.

Section 338, vol. 1, Compiled Laws of Michigan, Rev. 1915, provides: "If at any time the real estate or personal property belonging to such escheated estates comes into the care and custody of said trustees, and before the sale thereof by them, the person supposed to be deceased or any person or persons shall appear before the board of state auditors and file with such board satisfactory proof by a duly certified copy of an adjudication made by the proper probate court or otherwise determining the heirship of such person or persons to the estate of such deceased person or-their rights as devisees or legatees under a will, or assigns, then and in that case, the board of state auditors shall cause such real estate or personal property to be turned over to such supposed deceased person or to such person or persons as such heir or heirs at law or devisees or legatees or assigns of such deceased person, upon the payment by him or them of any expense to the state which may have been incurred by the state in relation to such real estate."

In 1921 the German heirs filed their claims and proof, but the state board of escheats, while not seemingly contesting or denying their heirship, has refused to turn over the property, and in July, 1926, was about to sell the land in question. Appellees then filed an injunction bill in the federal District Court. The injunction was granted, and at final hearing a decree was given for complainants with a first lien for defendants for certain charges and expenses. From this decree an appeal was taken, and but one question is raised, viz. that the federal court has no jurisdiction for the reason that this is a suit against the state of Michigan and is forbidden by the Eleventh Amendment to the Constitution of the United States.

This is not a suit against the state of Michigan. It is a suit against the men who constitute the board of escheats for the state of Michigan, who are holding certain property as trustees. To this property the complainant appellees have a legal title under the inheritance laws of the state of Michigan. If this legal title is disregarded, the property, or the proceeds of the property, goes to that state. To that extent the state of Michigan has a claim to the proceeds of the property, but in no other sense is it a party to this suit. As said by the Supreme Court in Tindal v. Wesley, 167 U. S. 222, 17 S. Ct. 770, 777, 42 L. Ed. 137: "The Eleventh Amendment gives no immunity to officers or agents of a state in withholding the property of a citizen without authority of law."

It is not disputed that under the inheritance law of the state of Michigan the appellees herein are the legal heirs of the late George Klump. It is not disputed that, under the provisions of the Michigan statute, the appellees have filed their claims and proofs and have done everything possible to recover their property from the state board of escheats. The officers holding this property hold it as trustees. It is their duty to restore that property, or the proceeds thereof, to its rightful owners, or, if there are no heirs, to turn it in to the treasury of the state of Michigan. In no way is the state of Michigan a party to this suit. In no way is it, in the language of Cunningham v. Macon R. R. Co., 109 U. S. 446, 3 S. Ct. 292, 296, 27 L. Ed. 992, "an indispensable party to enable the court * * * to grant the relief sought."

Affirmed.